**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Justin Wright Mallory, Sr.,        ) | Civil Action No. 3:11-03295-MBS |
|                                    ) | |
| Plaintiff,                         ) | |
| v.                                 ) | |
|                                    ) | |
| Travis Holdorf, Stan Smith and     ) | **ORDER AND OPINION** |
| Randy Strange,                     ) | |
|                                    ) | |
| Defendants.                        ) | |
| _____) | |

This matter is before the court by way of a motion filed by Plaintiff Justin Wright Mallory, Sr. ("Plaintiff"), seeking to alter or amend an order of the court pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Rule 59 motion"). (ECF No. 79.) In the order filed on September 28, 2012 (the "September Order"), the court granted summary judgment to Defendants, Travis Holdorf ("Holdorf"), Stan Smith ("Smith"), and Randy Strange ("Strange") (collectively "Defendants"), on Plaintiff's claims for false arrest, malicious prosecution, and violation of due process rights under 42 U.S.C. § 1983. (ECF No. 76.) For the reasons stated below, the court denies Plaintiff's motion to alter or amend the September Order.

### I.   RELEVANT PROCEDURAL BACKGROUND[1]

On December 2, 2011, Plaintiff filed this action against Defendants, alleging claims of false arrest, malicious prosecution, and due process violations. (ECF No. 1.) Plaintiff sought to recover damages from Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his rights protected by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution that occurred during the course of his arrest and prosecution for the murder of his wife, Nekia Gibson Mallory ("Plaintiff's wife"), for which Plaintiff was ultimately found not

---

1. The September Order contains a thorough recitation of the relevant factual background and is incorporated herein by reference.

guilty. (Id.) Plaintiff contends that his constitutional rights were violated by Defendants when they knowingly fabricated evidence against him and concealed exculpatory evidence that caused his arrest and prosecution for murder. (Id.) More specifically, Plaintiff alleges that Defendants coerced Joshua Porch ("Porch"), who was charged with the murder of Plaintiff's wife after Plaintiff's acquittal and is currently awaiting trial, into testifying as to false facts and committing perjury to assist Defendants in the prosecution of Plaintiff. (Id.)

After answering the complaint denying Plaintiff's claims, Defendants filed a motion for summary judgment on December 20, 2011. (ECF Nos. 7, 8.) Plaintiff filed opposition to Defendants' motion for summary judgment on August 3, 2012, to which Defendants filed a reply in support of summary judgment on August 27, 2012. (ECF Nos. 52, 62.) On August 30, 2012, the court held a hearing on Defendants' motion for summary judgment. (ECF No. 66.) Thereafter, the court issued the September Order, granting summary judgment to Defendants. (ECF No. 76.) On October 26, 2012, Plaintiff filed the present motion, asking the court to alter or amend the September Order. (ECF No. 79.)

## II.    LEGAL STANDARD AND ANALYSIS

### A.    Motion to Alter or Amend a Judgment under Fed. R. Ci. P. 59

The decision whether to amend or alter a judgment pursuant to Fed. R. Civ. P. 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). "[T]he rule permits a district court to correct

its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

**B.     The Arguments of the Parties**

In his Rule 59 motion, Plaintiff argues that summary judgment was erroneously granted to Defendants because the court misconstrued the nature and governing law of his due process claim for violating his right not to be deprived of liberty as a result of a fabrication of evidence. (ECF No. 79.) In support of this argument, Plaintiff asserts that individuals possess a due process "'right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity.'" (ECF No. 79-1, p. 5 (citing Washington v. Wilmore, 407 F.3d 274, 282 (4th Cir. 2005) (quoting Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000))).) Plaintiff further asserts that Defendants "fabricated evidence" in violation of due process when they, starting in June 2007, induced Porch to fabricate false

3

testimony in support of Plaintiff's prosecution for the murder of his wife. (See, e.g., ECF No. 79-1, pp. 6-12.) In this regard, Plaintiff claims that the court erroneously failed to recognize that Plaintiff was entitled to recover on his due process claim for fabrication of evidence even if Defendants had probable cause to arrest Plaintiff and the arrest was otherwise lawful. (Id. at 2-3 (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)).) Moreover, qualified immunity is not a defense to a fabricated evidence due process claim and, therefore, the court also erred in granting summary judgment to Defendants on their affirmative defense of qualified immunity. (Id. at 5 (citing Washington v. Wilmore, 407 F.3d 274, 276-77 (4th Cir. 2005)).)

In addition to alleged errors regarding his due process fabrication of evidence claim, Plaintiff argues that the court erroneously (1) failed to reference all the evidence favorable to him regarding probable cause for a warrantless arrest and (2) considered post-arrest evidence in concluding that the Defendants had probable cause to arrest Plaintiff. (Id. at 13-21, 27-8.) Plaintiff further argues that the court should have delayed issuing the September Order to allow Plaintiff time to depose Porch, who was unavailable for discovery in this matter pending his criminal prosecution for the murder of Plaintiff's wife. (Id. at 26-7.) Finally, Plaintiff argues that the statute of limitations does not bar his claims. (Id. at 28-9.) Based on the foregoing, Plaintiff urges the court to grant his Rule 59 motion and deny Defendants' motion for summary judgment.

In their opposition to altering or amending the September Order, Defendants assert that Plaintiff's Rule 59 motion should be denied because he fails to (1) allege an intervening change in controlling law, (2) assert there is new evidence available, or (3) demonstrate that the court committed a clear error of law. (ECF No. 85, p. 2.) Defendants further assert that the court did

4

not commit error as suggested by Plaintiff in relying "almost entirely on the Defendants' deposition testimony and statements" in analyzing probable cause because a proper analysis of probable cause required the court to consider the facts known to the officers at the time of Plaintiff's arrest.  (Id. at 3.)  In this regard, Defendants argue that the court "correctly and thoroughly addressed the procedural and substantive issues on which the summary judgment was granted" and "Plaintiff's [Rule 59] motion is nothing more than an attempt to relitigate matters that he has already lost on summary judgment and to further introduce novel and additional arguments."  (Id. at 7, 8.)  Therefore, Defendants urge the court to deny Plaintiff's Rule 59 motion.

C.     **The Court's Review**

In his Rule 59 motion, Plaintiff does not rely on an intervening change in controlling law or refer to new evidence previously unavailable.  Plaintiff instead asserts that the court committed a clear error of law by granting summary judgment to Defendants on Plaintiff's due process claim for violating his right not to be deprived of liberty as a result of the fabrication of evidence.

Upon review, the court is not persuaded that Plaintiff's arguments entitle him to relief from summary judgment pursuant to Fed. R. Civ. P. 59(e).  Plaintiff's allegations regarding the fabrication of evidence do not undermine the evidence in the record supporting the court's determination that probable cause existed to charge Plaintiff with his wife's murder.  Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir. 1994) ("Probable cause only requires enough evidence 'to warrant a man of reasonable cause in the belief that an offense has been or is being committed.'") (quoting Brinegar v. United States, 338 U.S. 160, 175-76 (1949)).  In this regard, the fabrication of evidence claim fails because the probable cause supporting Plaintiff's murder

charge was the cause of his loss of liberty, not Porch's allegedly false testimony. See Washington, 407 F.3d at 282 (To establish a violation of the right not to be deprived of liberty based on false evidence, the plaintiff must show that (1) the defendants fabricated evidence, and (2) the fabrication "resulted in a deprivation of liberty."). As such, the court does not agree with Plaintiff that the September Order contains clear error law regarding his due process claim for fabrication of evidence. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) (Under the "clear error" standard, a trial court's decision will not be set aside so long as it is "plausible in light of the record viewed in its entirety.")

In addition to the foregoing, the court concludes that the remaining contentions in Plaintiff's Rule 59 motion merely rehash arguments that were previously set forth and rejected in the September Order. Accordingly, the court fails to find a reason to alter or amend the September Order and, therefore, denies Plaintiff's Rule 59 motion, ECF No. 79.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion to alter or amend the court's September 28, 2012 order pursuant to Fed. R. Civ. P. 59.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

January 29, 2013
Columbia, South Carolina